UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:23-cv-192-FDW

| ROY LEE WILLIAMS, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) |  |
| ELIZABETH FLOYDE, et al., | ) | **ORDER** |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on initial review of the pro se Complaint [Doc. 1]. Also pending is an "Order … Writ" that was docketed as a Motion. [Doc. 9]. The Plaintiff is proceeding in forma pauperis. [Doc. 5].

**I.  BACKGROUND**

The pro se incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing the circumstances of his criminal investigation and prosecution.[1] He names as Defendants: Elizabeth Floyde, an employee of the Iredell County D.A.'s Office; Joseph Crosswhite the Iredell County Chief Superior Court Judge; Sam Winthrop, Plaintiff's criminal defense attorney; and Darren E. Campbell, the Iredell County Sheriff.[2] He claims that: the Iredell County Sheriff's Department (ICSD) confiscated property during their investigation that had "nothing to do with the case;" Plaintiff never received some of his discovery; Plaintiff wrote to

---

[1] The Plaintiff filed this action while he was incarcerated at the Tyrrell Prison Work Farm in Columbia, North Carolina. His address of record with the Court is at a private residence in Harmony, North Carolina. It appears that the Plaintiff is now a prisoner of the State of West Virginia, but he has not updated his address with the Court. The Plaintiff is cautioned that it is his responsibility to keep the Court apprised of his current address at all times, and that the failure to do so may result in the dismissal of this action for lack of prosecution.

[2] The Plaintiff purports to sue Defendant Winthrop in his individual capacity, and the remaining Defendants in their individual and official capacities.

Defendant Winthrop about the missing discovery but he never resolved the issue; Plaintiff wrote to Judge Crosswhite, asking him to speak with Winthrop about the discovery; and he requested the discovery from prosecutor Floyde, who failed to respond. He argues that, if he had been provided all of the discovery, he could have proven that it had nothing to do with his criminal case. [Id. at 5-7]. He seeks the return of his property and damages. [Id. at 8].

In his "Order … Writ," the Plaintiff asks the Court to order prosecutor Floyde to provide the Plaintiff with copies of all discovery in the criminal case so that he can "prove ALL SEZIED PROPERTY TAKEN … had nothing to do with the Case No. 21CRS052963 in IREDELL COUNTY…." [Doc. 9 at 1].

## II.   STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III.     DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law.  See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

The Plaintiff names Judge Crosswhite as a Defendant in this action.  However, judges are immune from suit under the doctrine of judicial immunity. See Stump v. Sparkman, 435 U.S. 349, 359 (1996) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); Imbler v. Pachtman, 424 U.S. 409, 419 (1976) (stating that judicial "immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences") (internal quotations omitted). Judge Crosswhite is absolutely immune from suit and, accordingly, the claims against him are dismissed.

The Plaintiff also names prosecutor Floyde as a Defendant. "A prosecutor enjoys absolute immunity for prosecutorial functions 'intimately associated with the judicial phase of the criminal process.'" Dababnah v. Keller-Burnside, 208 F.3d 467, 470 (4th Cir. 2000) (quoting Imbler, 424 U.S. at 430); see also Nero v. Mosby, 890 F.3d 106, 117-18 (4th Cir. 2018); Nivens v. Gilchrist, 444 F.3d 237, 250 (4th Cir. 2006) (claim against prosecutor in his individual capacity were barred by prosecutorial immunity). Here, prosecutor Floyde's decisions regarding the handling of discovery and evidence during the Plaintiff's prosecution are plainly well within the ambit of the

3

prosecutors' functions. See N.C. Gen. Stat. § 15-11.1 (statute governing the custody and disposition of property seized by law enforcement and giving the district attorney discretion to determine when and how to release evidence); Springmen v. Williams, 122 F.3d 211, 212-13 (4th Cir. 1997) (A prosecutor's task of factual investigation required for determining whether to go forward with a prosecution is "squarely cover[ed]" by prosecutorial immunity). The claims against Defendant Floyde are, therefore, dismissed.

The Plaintiff also names as a Defendant Sam Winthrop, his criminal defense attorney. However, the Plaintiff makes absolutely no factual allegations to support the contention that the Defendant was acting under the color of state law. See generally Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("a public defender does not act under the color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Fleming v. Asbill, 42 F.3d 886, 890 (4th Cir. 1994) ("Private lawyers do not act 'under the color of state law' merely by making use of the state's court system."). His dissatisfaction with counsel's performance in the criminal proceeding fails to state any cognizable § 1983 claim. See generally Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"); 28 U.S.C. § 2254.[3]

Finally, the Plaintiff sues Sheriff Campbell in his individual and official capacities. He alleges that ICSD seized property including a laptop, tablets, and cell phones during the investigation, that the property "had nothing to do with the case [he is] in prison for," and that the property has not been returned to him. [Doc. 1 at 6-7].

---

[3] The Court makes no determinations about the potential merit or procedural viability of a habeas action.

4

To establish an individual capacity claim under 42 U.S.C. § 1983, a plaintiff must show that the defendants "acted personally" to cause the alleged violation. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). As such, the doctrine of respondeat superior does not apply in actions brought under § 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Suits against an officer in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (quoting Monell, 436 U.S. at 690, n. 55). The Office of Sheriff is not liable under § 1983 for an employee's acts "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort." Collins v. City of Harker Heights, 503 U.S. 115, 120-21 (quoting Monell, 436 U.S. at 691). That is, "[f]or a governmental entity to be liable under section 1983, the official policy must be the moving force of the constitutional violation." Moore v. City of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997) (internal quotation marks and citations omitted). "Thus, the entity's 'policy or custom' must have played a part in the violation of federal law." Id. (quoting Monell, 436 U.S. at 694).

Here, the Plaintiff's allegations are also so vague and conclusory that they fail to satisfy the most basic pleading requirements, and he has failed to state a plausible claim against Sheriff Campbell either individually or on a Monell theory.[4] See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim).

Moreover, to the extent that the Plaintiff is complaining that certain personal property was

---

[4] Further, any claim that would necessarily imply the invalidity of his conviction and sentence in the underlying criminal matter is barred by Heck v. Humphrey, 512 U.S. 477 (1994).

5

confiscated and was not returned to him, such a claim fails because Plaintiff has an adequate post-deprivation remedy in state tort law. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (stating that intentional deprivations of property do not violate the Due Process Clause if a meaningful post-deprivation remedy for the loss is available); Wilkins v. Whitaker, 714 F.2d 4, 6 (4th Cir. 1983) ("Under North Carolina law, an action for conversion will lie against a public official who by an unauthorized act wrongfully deprives an owner of his property."). The Court, therefore, will dismiss the claims against Sheriff Campbell.

Because the Complaint has not passed initial review, the Plaintiff's "Order … Writ" in which the Plaintiff seeks discovery is denied as moot.

## IV. CONCLUSION

In sum, the Plaintiff has failed to state a claim against any Defendant and the Complaint fails initial review pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to correct the deficiencies identified in this Order and to otherwise properly state a claim upon which relief can be granted. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede his previous filings. Piecemeal amendment will not be allowed. Should Plaintiff fail to timely file an Amended Complaint in accordance with this Order, this action will be dismissed without prejudice and without further notice to Plaintiff.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] fails initial review pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

2. The Plaintiff's "Order … Writ" [Doc. 9] is **DENIED AS MOOT**.

3. The Plaintiff shall have **thirty (30) days** in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to file an Amended Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

The Clerk is respectfully instructed to mail the Plaintiff a blank § 1983 prisoner complaint form, a blank § 2254 form, and a copy of this Order to his address of record as well as to him at: Roy Lee Williams, OID 3509597, PO Box 336, Phoenix, MD 21131.

**IT IS SO ORDERED.**

Signed: March 13, 2024

Frank D. Whitney
United States District Judge