# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:23-cv-192-FDW

| | |
|---|---|
| ROY LEE WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ELIZABETH FLOYDE, et al., ) | ORDER |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court sua sponte.

The pro se Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing the circumstances of his criminal investigation and prosecution.[1] [Doc. 1]. On March 14, 2024, the Court dismissed the Complaint on initial review, and granted the Plaintiff 30 days to file a superseding Amended Complaint. [Doc. 10]. The Plaintiff was cautioned that, "[s]hould Plaintiff fail to timely file an Amended Complaint in accordance with this Order, this action will be dismissed without prejudice and without further notice to Plaintiff." [Id. at 6]. The Court also noted that the Plaintiff appeared to be a prisoner of the State of West Virginia, and that he had not updated his address with the Court. The Plaintiff was "cautioned that it is his responsibility to keep the Court apprised of his current address at all times, and that the failure to do so may result in the dismissal of this action for lack of prosecution." [Id. at 1, n.1]. The Court instructed the Clerk to mail the Plaintiff a copy of the March 14 Order and a blank complaint form to the Plaintiff at his address of record, as well as to an address it was able to locate for West Virginia prisoner mail.

---

[1] The Plaintiff filed this action while he was incarcerated at the Tyrrell Prison Work Farm in Columbia, North Carolina. His address of record with the Court is at a private residence in Harmony, North Carolina.

[See id. at 7]. On April 24, 2024, the envelope addressed to the Plaintiff as a West Virginia prisoner was returned as undeliverable. [Doc. 11].

The Plaintiff has not amended his Complaint and the time to do so has expired. Nor has he updated the Court with his current address. The Plaintiff appears to have abandoned this action and the Court is unable to proceed. This case will therefore be dismissed without prejudice. See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (although Rule 41(b) does not expressly provide for sua sponte dismissal, Rule 41(b) does not imply any such restriction and a court has the inherent power to dismiss a case for lack of prosecution or violation of a court order).

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to terminate this action.

**IT IS SO ORDERED.**

Signed: May 10, 2024

Frank D. Whitney
United States District Judge